**AT SYSTEMS WEST, INC.,** *f/k/a* **Armored Transport, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**International Union, Security and Fire Professionals of America, Intervenor.**

**No. 01–1282.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 13, 2002.

Decided July 2, 2002.

Marta M. Fernandez argued the cause for petitioner. With her on the briefs was Patrick W. Jordan.

Jeffrey M. Hirsch, Counsel, National Labor Relations Board, argued the cause for respondent. With him on the brief were Arthur F. Rosenfeld, General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, and Sharon I. Block, Attorney. Julie B. Broido, Senior Attorney, entered an appearance.

Scott A. Brooks was on the brief for intervenor.

Before: GINSBURG, Chief Judge, RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The principal issue in this review of an order of the National Labor Relations Board is whether the employer refused to bargain in the face of a valid bargaining demand, in violation of § 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (5). On that issue, our decision in *Prime Serv., Inc. v. NLRB,* 266 F.3d 1233, 1238 (D.C.Cir.2001), controls the outcome.

The employer, AT Systems West, Inc., operates an armored car company. The company transports, processes and stores cash, coins, checks and other valuables for banks and retail stores. At each of the company's facilities in Bakersfield, Santa Maria, Fresno, Merced and Temecula, California, an employee association served as the exclusive bargaining representative of the employees. The employee associations negotiated and communicated with AT Systems on the employees' behalf, and entered into triennial contracts. None of the associations had elected officers or office space, none kept records, and none had a constitution or bylaws.

In March and April of 1998, the employee associations for the five facilities designated the Currency and Security Handlers Association ("CASHA") as their agent for collective bargaining. The associations did not notify AT Systems of their actions. David Troy Nelsen, then president of CASHA, sent letters on CASHA letterhead to AT Systems' president Richard Irvin. One of Nelsen's letters, dated April 6, 1998, stated:

On March 23, 1998, the Armored Transport Santa Maria Employees Association voted to affiliate with the Currency And Securities Handlers Association.

Please be advised that CASHA is now the bargaining representative for the Armored Transport Santa Maria Employees Association.

CASHA will honor the existing contract between the Armored Transport Santa Maria Employees Association and Armored Transport, Inc.

CASHA requests Armored Transport, Inc. to recognize CASHA as the representative of the Armored Transport Santa Maria Employees Association.

Armored Transport, Inc. will conduct future bargaining with the same representatives of the Armored Transport Santa Maria Employees Association who conducted such bargaining in the past.

Please respond to this request by April 20, 1998.

Nelsen sent similar letters to Irvin on the same day regarding the Fresno and Temecula Employee Associations.

After AT Systems failed to respond, Nelsen wrote to Irvin again on May 18, 1998, stating:

On April 6, 1998, CASHA demanded recognition for the following A.T.I. Branches due to Merger Elections held:

1–Fresno

2–Santa Maria

3–Temecula

4–Van Nuys

A.T.I. has not responded.

Please be advised that CASHA is also demanding recognition for the following A.T.I. Branches for Merger Elections also held:

1–Bakersfield

2–Merced

3–Victorville

CASHA will respectfully file charges for *refusal to bargain* with the N.L.R.B. if we do not receive a response by May 29, 1998.

On June 11, 1998, Nelsen and some other CASHA representatives met with Irvin on an unrelated matter. At the meeting, Nelsen asked Irvin for a response to CASHA's April 6 and May 18 letters. Irvin replied that there was no reason for AT Systems to recognize CASHA for those units because there were no contracts due to expire.

Between June 24 and October 15, 1998, CASHA filed unfair labor practice charges against AT Systems alleging that the company had unlawfully refused to recognize and bargain with CASHA at the five facilities (Bakersfield, Santa Maria, Fresno, Merced and Temecula). Then on February 10, 1999, Nelsen—who had become the President of Local 100 after CASHA became affiliated with the United Plant Guard Workers of America—sent another letter to AT Systems, requesting a response to the earlier requests for recognition. The letter stated:

On May 18, 1998, CASHA demanded recognition for the following A.T.I. Branches due to Merger Elections held:

1–Bakersfield

2–Fresno

3–Merced

4–Santa Maria

A.T.I. did not respond.

As you know, CASHA has voted to affiliate with the United Plant Guard Workers of America and is now CASHA LOCAL #100.

CASHA LOCAL #100 is now officially demanding recognition in the following A.T.I. locations:

1–Bakersfield

2–Fresno

3–Merced

4–Santa Maria

AT Systems' director of labor relations, Joel Curnutt, told Nelson in a telephone conversation that the company's position had not changed and that it would not recognize CASHA or Local 100. Local 100 then filed unfair labor practice charges with the Board, alleging that AT Systems unlawfully refused to recognize and bargain with Local 100 at the five facilities.

In a consolidated proceeding, an Administrative Law Judge ruled that AT Systems violated section 8(a)(1) and (5) of the Act, *see* 29 U.S.C. § 158(a)(1) & (5), by refusing to recognize and bargain with CASHA and Local 100 as agents of the five employee associations. The Board affirmed the ALJ's rulings, findings and conclusions and adopted his order requiring AT Systems to cease and desist from refusing to recognize and bargain with Local 100.

■ AT Systems disputes the Board's decision on alternative grounds. It first contends that because none of the employees' representatives advised AT Systems of their selection of an agent for bargaining purposes, the company could not have unlawfully refused to bargain. *See, e.g., Tree-Free Fiber Co.*, 1999 WL 305507, at *7 (N.L.R.B. May 10, 1999); *Hampton Lumber Mills-Washington, Inc.*, 2001 WL 618204, at *10 (N.L.R.B. May 31, 2001). The company's second argument is that it violated no duty to bargain because only a request to recognize (not a request to bargain) was made and the Act does not impose any independent duty to recognize a bargaining agent absent a valid bargaining demand. We agree with the second argument and therefore do not reach the first.

■ The ALJ faulted AT Systems for failing to "recognize and offer to bargain with CASHA" in violation of § 8(a)(1) and

(5) of the Act. *Armored Transport, Inc.*, 2001 WL 589388, *12 (N.L.R.B. May 29, 2001). But there is no authority to support the proposition that an employer violates the Act simply by not recognizing a bargaining agent upon request. Counsel for the Board conceded as much at oral argument. The Act imposes on employers a duty to "bargain collectively with the representatives of [its] employees." 29 U.S.C. § 158(a)(5). Part of the duty to bargain includes the duty to recognize, but until a valid bargaining demand is made, there is no independent duty to recognize a bargaining agent. Thus, the key question is whether AT Systems received a valid bargaining demand.

■ Although a "union need utter no particular words to convey its demand for bargaining," *Prime Serv., Inc. v. NLRB*, 266 F.3d 1233, 1238 (D.C.Cir.2001), a valid bargaining demand nevertheless "must contain more than merely a suggestion that the parties should meet to discuss representation." *Williams Enter., Inc. v. NLRB*, 956 F.2d 1226, 1233 (D.C.Cir.1992). If a union's communications to an employer do not explicitly demand bargaining, a refusal-to-bargain charge cannot be sustained unless there is "some indicia of a demand, such as a suggested meeting place and time, proposed topics, and a method for reply." *Id.* The burden is on the union to make its bargaining wishes known. The "union must do more than simply suggest a meeting without specifying the subjects of the meeting or when or where the union would like to get together." *Prime Serv.*, 266 F.3d at 1238.

In this case, none of CASHA or Local 100's letters explicitly demanded that AT Systems bargain with CASHA. The April 6, 1998, letters told AT Systems to continue to bargain with the employees' representatives—that is, the local employee associations. The letters said nothing about

where bargaining was to take place, when bargaining was to occur, or what subjects would be covered. *See Prime Serv.,* 266 F.3d at 1238. Although the letters demanded recognition of CASHA as the employees' bargaining agent, a demand for recognition is not a demand to bargain, as the Board made clear in *Sheboygan Sausage Co.,* 156 N.L.R.B. 1490, 1500–01, 1966 WL 18402 (1966). In that case, the Board held that a telegram stating that the company's employees authorized the union to be their representative and that the union requested "recognition as agent" was not a demand for bargaining because it did not expressly request bargaining, nor did it propose a meeting date or place, or any method to initiate a bargaining session. *Id.* Relying on *NLRB v. Williams,* 50 F.3d 1280, 1286 (4th Cir.1995), counsel for the Board argued that even if the letters did not expressly seek bargaining, CASHA's filing of charges against the company removed all doubt that this is what it had in mind. But much of the conduct CASHA complained about (such as AT Systems' failure to respond to its letters of April 6, 1998, and May 18, 1998) *preceded* the unfair labor practice charges, the first of which was filed on June 24, 1998. Even if the June 24th filing of charges plus the earlier requests for recognition amounted to a valid request to bargain, only conduct occurring *after* that date could serve as a basis for finding an unfair labor practice. Yet the ALJ's decision adopted by the Board was not limited to the company's conduct after June 24, 1998. In fact, the ALJ never mentioned the filing of charges as a ground for determining that a valid bargaining demand had been made. The ALJ relied solely on "CASHA's letters of April 6 and May 18, 1998, and subsequent communications by Local 100." 2001 WL 589388, *12. The short of the matter is that the ALJ's decision contained nothing to support the conclusion that CASHA or

Local 100 requested bargaining. *See SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). Without a bargaining demand, there can be no violation of a duty to bargain.

 There is a separate issue remaining. It pertains to AT Systems' dealings with employees at its Temecula facility. On April 23, 1998—after the Temecula Employee Association designated CASHA as its bargaining agent—thirteen Temecula unit employees signed and submitted a letter to the company stating that they would like to open their current wage agreement to facilitate negotiations of a wage increase. In response, AT Systems held a mandatory meeting with the Temecula employees on May 20, 1998. Thirteen employees attended. A renewed collective bargaining agreement was negotiated at this meeting. Later, on March 18, 1999, AT Systems held another mandatory meeting with the Temecula employees, at which it offered the employees a revised collective bargaining agreement, including a two dollar an hour increase in starting wages. The employees accepted the agreement and signed a written contract.

The Board's General Counsel alleged that AT Systems improperly bypassed the Temecula Employee Association, CASHA and Local 100 and therefore violated § 8(a)(1) and (5) of the Act. AT Systems defended on the ground that the Temecula employees were one and the same as the Temecula Employee Association and that the Association's decision to negotiate new contracts with AT Systems therefore constituted a rescission of its earlier designation of CASHA and Local 100 as its agent. The ALJ, and hence the Board, ruled that the company violated its § 8(a)(5) duty to bargain with the designated representatives of the Temecula Association because it "did not deal with the Temecula employees as the representing Association or la-

bor organization." 2001 WL 589388, *15. "Rather [the company] at all times material herein treated the employees as employees," rushing the employees to approve its offers, commanding their attendance at mandatory meetings, and offering financial gain conditioned on the employees' discontinuance of dealings with CASHA. *Id.*

AT Systems argues that it did not violate § 8(a)(5) by entering into the contract with the employees at the Temecula facility because it "had no means by which it could meet with the Employee Association other than meeting with the employees." Brief for Petitioner at 48. We agree. Employee associations may—as they did here—serve as valid bargaining representatives under the Act. *See* 29 U.S.C. § 152(5) (defining the term "labor organization" to include any "employee representation committee or plan"); *see also* 29 U.S.C. § 159(a); *Guerdon Indus. v. Mobile Home Workers Ass'n*, 199 N.L.R.B. 937–38, 1972 WL 4890 (1972). Thus, when AT Systems met with the Temecula employees, it was doing no more than meeting with the employees' valid labor representative.

The Act draws no distinctions between unions based on their degrees of formality. That the Employee Association had no elected officers or no formal structure did not render it an invalid or improper labor organization. Because the employees chose to represent themselves, AT Systems acted reasonably—and in accord with its past practices—when it held meetings with all the Temecula employees. The record showed that when AT Systems wanted to deal with the employee association, it spoke with "everybody." Furthermore, AT Systems did precisely what CASHA's April 6, 1998, letter requested; it conducted "future bargaining with the same representatives of the Armored Transport Temecula Employees Association who con-

ducted such bargaining in the past." Letter from Troy Nelsen to Richard Irvin (Apr. 6, 1998).

AT Systems' petition for review on both the failure to bargain and Temecula issues is granted, and the Board's cross-application for enforcement is denied.

*So ordered.*